TESSIER vs. SILLEY & AL.

APPEAL from the court of the third district.

*The fees of parish judges for sel ing at auction the property of an estate or succession are regulated by the law relative to the fee bills passed in 1813.*

MATHEWS, J. delivered the opinion of the court. In this case the plaintiff, who stiles himself parish judge and as such authorised to act as auctioneer in and for the parish of East Baton Rouge, claims from the defendants, eight hundred and thirty seven dollars, and forty cents, for services by him rendered in the sale and adjudication of the estate of the testator. This amount corresponds with the commissions allowed by law to auctioneers regularly appointed and commissioned, as such; and to which parish judges when acting in the capacity of auctioneers were entitled, in the sale of all property however it might be situated, until the passage of the act of 1813.

This act, the defendants contend, repeals former laws on the same subject, and reduces the fees and commission f parish judges in the sale of property belonging to a succession, to the limits prescribed by said act.

The cause was submitted to a jury in the court below, who rendered their verdict for the plaintiff in conformity with the fees established by the law of 1813. and judgement being thereon rendered, he appealed.

The only question which the cause, as it stands before this court, presents for decission is whether the laws of 1805, and 1807, which authorised parish Judges when they perform the functions of auctioneers, to demand and receive the fees and commissions accorded by the law of 1813, when the auction is of the property belonging to an estate or succession?

East'nDistrict.
Jan. 1824.

TESSIER
vs.
LILLEY & AL.

The counsel for the appellant who undertake to support the negative of this question, contend that the expressions of the posterior law must be considered as relating only to vacant estates, which parish Judges are bound *et officio* to sell, and not general to all sucessions. But the law does not specify or distinguish; and we as Judges ought not to do so. In the last act it is laid down in general terms that parish Judges shall receive the fees therein specified and no more: amongst these the amount of percentage on the public sale of the property of estates or succession, is fixed, without distinction. The verdict and judgement of the court below conform to the rate therein established; which we believe to be correct.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

VOL. III. (N. S.)        12

East'n District.
Jan. 1824.

Tessier
vs.
Lilley & al

*Derbigny* for the plaintiff,——————— for the defendant.